Hadassah Reimer
Wyoming Bar No. 6-3825
hmreimer@hollandhart.com
HOLLAND & HART LLP
25 South Willow St., Suite 200
P.O. Box 68
Jackson, WY 83001
Phone 307-734-4517; Fax 307-739-9744

Joanna Vilos
Wyoming Bar No. 6-4006
jvilos@hollandhart.com
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
Cheyenne, WY 82001
Phone 307-778-4200; FAX 307-778-8175

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **SALTAIR, INC.,** | |
| **PLAINTIFF,** | |
| **v.** | **CIVIL ACTION NO. 10CV0157-J** |
| **I.S.T. GLOBAL, LLC, ET AL.,** | |
| **DEFENDANTS.** | |

## PLAINTIFF'S MOTION TO COMPEL

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and U.S.D.C.L.R. 37,

Plaintiff, Saltair, Inc., moves the Court for entry of an order compelling Defendant Shimon Ivgi

to provide responses to three of Plaintiff's discovery requests directed to the calculation of

damages, and if so compelled, order Defendant to pay the reasonable fees and expenses incurred

in bringing this motion.

Defendant Ivgi, through counsel, has preemptively refused to respond to the following

discovery requests, served by Plaintiff on September 30, 2010:[1]

> INTERROGATORY NO. 9.  Identify sales made by or on behalf
> of Defendant of each product sold in connection with the
> infringing word mark COOL AS A MOOSE, by month, and
> describe each product sold, identify representative customers for
> the products sold, specify the gross revenue generated, and identify
> any Documents within Defendant's possession or control relating
> to same.

> INTERROGATORY NO. 13.  Identify and describe the amount of
> any gross and net profit realized by Defendant through the
> promotion, sale and distribution of any products or services during
> the period Defendant was operating the unauthorized COOL AS A
> MOOSE retail location, and identify and describe any cost or
> deductions used to arrive at said profit figures, and identify
> Documents supporting said calculations.

> REQUEST FOR PRODUCTION NO. 10.  Documents reflecting
> sales figures for Defendant's products and/or services in
> connection with the infringing word mark COOL AS A MOOSE
> since the date of first use of the infringing word mark, including,
> without limitation, sales records, financial statements, photographs
> or descriptions of the products or services, email correspondence,
> contracts, orders, receipts, invoices, bills, purchase agreements,
> and shipping documents for each quarter up through the present.

A copy of Plaintiff's First Set of Interrogatories and Request for Production of Documents and

Things are attached hereto as Exhibit A.

Plaintiff submits the following four-page argument in support of its motion.

---

[1] Although Defendant's responses are not due until the first week of November, counsel for Defendant has affirmatively stated her intention not to respond to these requests and informed counsel for Plaintiff that she will "have to move to compel discovery on this issue."  A motion to compel discovery is not premature if a responding party has indicated an unwillingness to respond.  *See Barb v. Brown's Buick, Inc.*, 2010 U.S. Dist. LEXIS 8655 (E.D. Va. Feb. 2, 2010).

## **ARGUMENT**

This lawsuit involves the Defendants' infringing use of Plaintiff's federally registered trademark and service mark COOL AS A MOOSE over an approximate six month period of time.  In its Complaint, Plaintiff seeks not only injunctive relief, but also damages and an accounting of profits.  A successful plaintiff in an infringement action is entitled to monetary relief under the Lanham Act, subject to the principles of equity.  15 U.S.C. § 1117.  Monetary relief may take the form of the disgorgement of Defendant's profits earned as a result of the infringing activity.  *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1487-88, 5 USPQ2d 1190 (11th Cir. 1987).

In this case, it is uncontested that Defendant adopted a mark that is identical to Plaintiff's federally registered COOL AS A MOOSE mark and used that mark in connection with the offering of services, namely retail gift shop services, and on goods (at a minimum clothing), which goods and services are within the scope of Plaintiff's U.S. Trademark Registration Nos. 3,097,840 and 3,097,839 (clothing and various products) and Registration Nos. 2,345,286 and 2,341,051 ("retail gift shop services").

Even where liability is contested, discovery directed to damages is proper in a trademark infringement lawsuit.  *See Masterpiece of Pennsylvania, Inc. v. Consolidated Novelty Co.*, 1974 U.S. Dist. LEXIS 8542, 183 USPQ 344 (S.D.N.Y. 1974) (Even where liability had not yet been determined, the court ordered defendant to answer relevant interrogatories directed towards damages "[s]ince there is no countervailing privacy to be protected with respect to profits.")

Plaintiff's Interrogatories No. 9 and 13 and Requests for Production No. 10 are narrowly tailored and seek information and documents directly relevant to a calculation of damages in this case. They seek information and documents reflecting sales made during the period of alleged infringement, approximately March 2010 through August 2010. **Exhibit A.** In order to address any concerns regarding the disclosure of confidential financial information, Plaintiff has twice forwarded to Defendants a two-tiered stipulated protective order for review and comment. **Exhibit B.** Despite these efforts, Defendant Ivgi has affirmatively refused to enter into the proffered stipulated protective order or to respond to Plaintiff's discovery related to damages**. Exhibit C**.

In an email dated October 13, 2010, Defendants' counsel wrote to Plaintiff's counsel that she "will be contesting your efforts to access my client's financial information for purposes of proving damages." She went on to suggest that the Court would adopt a bifurcated approach to discovery, writing,

> Also, I think you will need to get a ruling from the court on summary judgment in your client's favor before we get into what method by which the court will impose damages. For that reason, I will not agree to this protective order and you will have move to compel discovery on this issue and brief the grounds for the scope of discovery you seek.

**Exhibit C.** Defendants' counsel's suggestion is misguided. One party does not have the option of unilaterally refusing to respond to otherwise proper discovery requests on the grounds that it wishes to dictate the order of proof to serve its own agenda in the case. Rather, in trademark infringement litigation, the Federal Rules of Civil Procedure "are broadly applied to allow both parties to analyze all relevant facts so that the truth may be readily ascertained, and the *trial*

*court* has considerable latitude in tailoring [the FRCP] to the circumstances of a particular case." 3-8 *Gilson on Trademarks* § 8.05(1) (2010)(emphasis added).

In this particular case, many of the facts underlying liability are uncontested, thereby making the issue of damages exceedingly relevant, and in any event, imminent.  Moreover, Plaintiff's discovery requests are narrowly tailored to the period of infringement and directly relevant to a calculation of damages in this case, specifically targeting Defendant's revenues and profits earned from services offered under the COOL AS A MOOSE mark as well as sales of products bearing the infringing mark COOL AS A MOOSE.  There is simply no point to delay discovery on the issue of damages except for Defendant's hesitancy to move the case forward.

Plaintiff requests that the Court award Plaintiff its reasonable expenses and attorney's fees incurred in making this motion to compel Defendant to answer relevant and proper discovery because the Defendant's refusal to do so was not substantially justified and no other circumstance would make such an award unjust.  Fed.R.Civ.P.  37(a)(5).  With few exceptions "a party who prevails on a motion to compel is presumptively awarded its expenses, including reasonable attorney fees" pursuant to FRCP 37(a)(5).  *Leisure Hospitality, Inc. v. Hunt Props., Inc.*, 2010 U.S. Dist. LEXIS 93680 (N.D. Okla. Sept. 8, 2010).

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rules 7.1(b)(1)(A) and 37.1(b), I hereby certify that I conferred with Defendant's counsel Jessica Rutzick in a good faith effort to resolve the issues that form the basis for this motion to compel.

On September 20, 2010, the parties engaged in a Rule 26(f) discovery conference. During that time I advised counsel for Defendant, Ms. Rutzick, that I intended to seek in discovery information necessary for the calculation of damages and that I would circulate a draft stipulated protective order for her review.

On September 21, 2010, I emailed a proposed Stipulated Protective Order to counsel for Defendants asking that Ms. Rutzick execute the Order or provide proposed amendments.

On September 30, 2010, I served written discovery requests on counsel for Defendant, which are the subject of this motion.

On October 11, 2010 having received no response to my proposed stipulated protective order first provided on September 21, and in an effort to avoid discovery delays, I contacted Ms. Rutzick a second time.  She asked that I provide another copy of the proposed stipulated protective order.

On October 11, 2010, I provided a second copy of the stipulated protective order to Ms. Rutzick.

On October 13, 2010, Ms. Rutzick indicated that she would not agree to the stipulated protective order and would contest my efforts to access Defendant's financial information for purposes of proving damages.  She advised in this email that I would have to move the Court to compel her client's cooperation.

On October 14, 2010, I advised that I did not believe that the state of the rules or law permitted a unilateral decision to withhold discovery responses prior to a ruling on summary

judgment, and asked for Ms. Rutzick to provide any such authority.  I did not receive a response to this inquiry.

The parties discussed the issue generally and very briefly during a telephonic scheduling conference conducted before the Court on October 14, 2010.  During this time Ms. Rutzick repeated her position that she did not believe discovery on damages was appropriate.  I advised the Court that I believed a motion to compel on the issue of discovery directed to damages was likely.

DATED:  October 19, 2010.

<u>s/Amy Sullivan Cahill</u>
 Amy Sullivan Cahill (admitted *pro hac vice*)
 Kentucky Bar No. 85554
 acahill@stites.com
 STITES & HARBISON PLLC
 400 West Market Street, Suite 1800
 Louisville, KY 40202-3352
 Telephone: 502-587-3400
 Facsimile: 402-587-6392

 Haley H.M. Dickerson (admitted *pro hac vice*)
 Kentucky Bar No. 91984
 hdickerson@stites.com
 STITES & HARBISON PLLC
 250 West Main Street, Suite 2300
 Lexington, KY 40507-1735
 Telephone:  859-226-2300
 Facsimile:  859-253-9144

 Hadassah Reimer
 Wyoming Bar No. 6-3825
 hmreimer@hollandhart.com
 HOLLAND & HART LLP
 25 South Willow St., Suite 200
 P.O. Box 68
 Jackson, WY 83001
 Telephone: 307-734-4517
 Facsimile: 307-739-9744

 Joanna Vilos
 Wyoming Bar No. 6-4006
 jvilos@hollandhart.com
 HOLLAND & HART LLP
 2515 Warren Avenue, Suite 450
 Cheyenne, WY 82001
 Telephone: 307-778-4200
 Facsimile: 307-778-8175
 **ATTORNEYS FOR PLAINTIFF,**
 **SALTAIR, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2010, a true and correct copy of the foregoing was filed using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Jessica Rutzick
> Wyoming Bar No. 6-3126
> jrutzik@vincentandrutzick.com
> Vincent & Rutzick, LLC
> 60 E. Simpson
> P.O. Box 4114
> Jackson, WY 83001
> Telephone: 307-733-8140
> Facsimile: 307-733-8139

s/ Joanna Vilos

4939849_1.DOC