Jessica Rutzick
VINCENT & RUTZICK, LLC
60 E. Simpson
Post Office Box 4114
Jackson, WY 83001
(307) 733-8140
(307) 733-8139 (facsimile)
jrutzick@vincentandrutzick.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SATLAIR, INC., a Maine corporation, | ) |
| | ) |
| Plaintiff, | ) Civil No. 10CV0157-J |
| | ) |
| v. | ) |
| | ) |
| I.S.T. GLOBAL, LLC, a Wyoming limited | ) |
| liability company; SHIMON IVGI, an individual; | ) |
| JOHN HOGGAN, an individual; PINK | ) |
| GARTER, LLC, a Wyoming limited liability | ) |
| company, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW Defendant, by and through counsel, and submits this brief in support of his motion for protective order pursuant and in response to Plaintiff's motion to compel. In support hereof, Defendants state as follows:

Saltair, Inc. v. I.S.T. Global, LLC, et al., Civil No. 10CV0157-J
Defendant's Brief in Support of Motion for Protective Order and Response to Plaintiff's Motion to Compel
Page 1

## I. INTRODUCTION

The Federal Rules of Civil Procedure govern this motion for a protective order. The Plaintiff served written discovery on the Defendants on September 30, 2010. Defendants served their responses on October 28, 2010. [Exhibit A, Exhibit B]. Plaintiff seeks discovery of Defendants' profits, sales prices, sales figures, and sources of funding. This kind of financial information is appropriate to review only if the trademark infringement is willful.

Defendant Shimon Ivgi has responded to Plaintiff's First Requests for Admissions Directed to Defendant Ivgi, and his responses reflect that the use of "Cool as a Moose" for his Jackson Hole, Wyoming store was innocent, unintentional, and certainly not willful.

Most telling are the following responses to Plaintiff's requests:

**REQUEST NO. 1:** Admit that you were aware of Plaintiff's COOL AS A MOOSE mark at that time that you adopted the infringing COOL AS A MOOSE nark (sic).

**RESPONSE: Deny.**

**REQUEST NO. 2:** Admit that you were aware of Plaintiff's COOL AS A MOOSE store at the time that you opened the infringing COOL AS A MOOSE store located in Jackson Hole, Wyoming.

**RESPONSE: Deny**.

**REQUEST NO. 3:** Admit that you were aware that a representative of Plaintiff visited the Pink Garter building in order to view space for purposes of locating an authentic COOL AS A MOOSE store in Jackson Hole, Wyoming.

**RESPONSE: Deny**.

Saltair, Inc. v. I.S.T. Global, LLC, et al., Civil No. 10CV0157-J
Defendant's Brief in Support of Motion for Protective Order and Response to Plaintiff's Motion to Compel
Page 2

**REQUEST NO. 4:**  Admit that you were aware of Plaintiff's COOL AS A MOOSE web site www.coolasamoose.com at the time that you opened the infringing COOL AS A MOOSE store located in Jackson Hole, Wyoming.

**RESPONSE: Deny**.

**REQUEST NO. 12:**  Admit that you performed a trademark availability search prior to adopting the COOL AS A MOOSE mark.

**RESPONSE: Deny**.

**REQUEST NO. 13:**  Admit that you did not perform a trademark availability search prior to adopting the COOL AS A MOOSE mark.

**RESPONSE: Admit**.

**REQUEST NO. 14:**  Admit that you intended to trade off of the goodwill of Plaintiff in using the COOL AS A MOOSE mark.

**RESPONSE: Deny**.  I did not know about Plaintiff's stores in Maine and Canada, internet website, designs, goodwill, trademark, t-shirts, or anything else before I was served with the Complaint for this lawsuit on August 10, 2010.

Based on the foregoing responses to Plaintiff's requests for admissions, Plaintiff is not entitled to an award of profits for the alleged trademark infringement that occurred in this case. Because Plaintiff is not entitled to an award of profits, Defendants respectfully request this Court to enter a Protective Order, pursuant to Fed. R. Civ. P. 26(c), which forbids any discovery of Defendants' financial information, including sales figures, gross and net profits, sales prices and sources of funding.

## II.   ARGUMENT

### A. *Defendants are entitled to a protective order pursuant to Federal Rule of Civil Procedure 26(c).*

Saltair, Inc. v. I.S.T. Global, LLC, et al., Civil No. 10CV0157-J
Defendant's Brief in Support of Motion for Protective Order and Response to Plaintiff's Motion to Compel
Page 3

The Federal Rules of Civil Procedure provide that a party from whom discovery is sought may move for a protective order from discovery. Federal Rule of Civil Procedure 26(c) governs protective orders, and states:

**(c) Protective Orders.**

**(1) *In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> **(A)** forbidding the disclosure or discovery;
> **(B)** specifying terms, including time and place, for the disclosure or discovery;
> **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
> **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> **(E)** designating the persons who may be present while the discovery is conducted;
> **(F)** requiring that a deposition be sealed and opened only on court order;
> **(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> **(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

In this case, Defendants seek a protective order for financial information relating to Plaintiff's claims that it is entitled to profit damages for trademark infringement. Defendants assert that discovery of financial information, such as net profits, sales figures and sales prices is improper and will lead to undue and unnecessary burden and expense. The district court has

Saltair, Inc. v. I.S.T. Global, LLC, et al., Civil No. 10CV0157-J
Defendant's Brief in Support of Motion for Protective Order and Response to Plaintiff's Motion to Compel
Page 4

wide discretion to limit the scope of discovery based upon the rights and needs of the parties. *Miller v. Regents of University of Colorado*, 188 F.3d 518, 1999 WL 506520, 12 (10th Cir. 1999).

### B. There is no evidence that Defendants willfully infringed Plaintiff's "Cool as a Moose" trademark.

The Lanham Act provides that, subject to the principles of equity, a successful plaintiff may recover: (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) costs of the action. 15 U.S.C. § 1117(a); *Optimum Technologies, Inc. v. Home Depot U.S.A., Inc.,* 217 Fed.Appx. 899, 902 (11th Cir. 2007). The critical requirement for an award of profits is "a showing that the defendant willfully infringed the plaintiff's mark." *Western Diversified Services, Inc., v. Hyundai Motor America, Inc.,* 427 F.3d 1269, 1270 (10th Cir. 2005). Absent willful infringement, the plaintiff may elect, pursuant to 15 U.S.C. 1117(c), an award of statutory damages. *See also* 15 U.S.C. 1116(d) (defines "use of a counterfeit mark").

The statutory damages available pursuant to 15 U.S.C. 1117(c) are:

(1)   Not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed as the court considers just; or
(2)   If the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

Based on equitable considerations, the trial court may reduce or enhance the resulting award up to three times the original amount, and may, in exceptional cases, award attorneys' fees. 15 U.S.C.A. § 1117(a). However, if the infringement is intentional*,* § 1117(b) governs:

Saltair, Inc. v. I.S.T. Global, LLC, et al., Civil No. 10CV0157-J
Defendant's Brief in Support of Motion for Protective Order and Response to Plaintiff's Motion to Compel
Page 5

treble damages and attorneys' fees are mandated. 15 U.S.C.A. § 1117(b); *Chanel, Inc. v. Italian Activewear of Florida, Inc.,* 931 F.2d 1472, 1475 (11th Cir. 1991).

Assuming that infringement is proven, the Lanham Act confers broad discretion upon the district court to fashion a remedy and determine the proper relief due an injured party. *See* 15 U.S.C. § 1117(a); *Optimum Technologies, Inc.,* 217 Fed.Appx. at 902; *Burger King v. Weaver,* 169 F.3d 1310, 1315 (11th Cir. 1999). Importantly, "a defendant's infringement of plaintiff's trademark does not automatically entitle plaintiff to an accounting, even where the parties are direct competitors." *Champion Spark Plug Co. v. Sanders,* 331 U.S. 125, 67 S.Ct. 1136 (1947); *Monsanto Chemical Co. v. Perfect Fit Products Mfg. Co.,* 349 F.2d 389, 393 (2d Cir.1965).

Defendants object to any discovery of profits in this case, as Plaintiff is unable to present any evidence which would suggest the Defendants willfully infringed on Plaintiff's trademark. Pursuant to Tenth Circuit authority, an award of profits in a trademark infringement action is only proper when (1) the defendant's conduct was willful and deliberate, (2) the defendant was unjustly enriched, or (3) it is necessary to deter future conduct. *Western Diversified Services, Inc.,* 427 F.3d at 1270. Further, the Tenth Circuit held that a two-step process is employed when determining whether to make an award of profits: (1) a finding of willfulness or bad faith and (2) weighing of the equities. *Id.* at 1273.

Under the first step outlined above, the Tenth Circuit defined willfulness as requiring "intent to appropriate the goodwill of another's mark." *Id.* (quoting *Jordache Enters., Inc. v. Hogg Wyld, Ltd.,* 828 F.2d 1482, 1485 (10th Cir. 1987). At this point in the litigation of this

Saltair, Inc. v. I.S.T. Global, LLC, et al., Civil No. 10CV0157-J
Defendant's Brief in Support of Motion for Protective Order and Response to Plaintiff's Motion to Compel
Page 6

case, it is abundantly clear that Defendants did not willfully infringe on Plaintiff's trademark. In responding to Plaintiff's requests for admissions, Defendant verified that it was not aware of Plaintiff's "Cool as a Moose" mark, its stores in Maine and Canada, or its website. Defendants did not perform a trademark availability search prior to selecting the name for the Jackson Hole, Wyoming store. Other than one employee t-shirt specially made, customized and sold to the Plaintiff's agent, Defendants never sold products bearing the mark "Cool as a Moose" on them. This is contrary to the assertion made in Plaintiff's Motion to Compel that Defendants used the mark "Cool as a Moose" on goods, "at a minimum clothing."

Defendants did not "intend to appropriate the goodwill" of Plaintiff's trademark. *Western Diversified Services, Inc.,* 427 F.3d at 1273. In fact, it would defy logic to find that the Defendants intended to appropriate the goodwill of Plaintiff's trademark, as Defendants did not even know that Plaintiff existed prior to being served with the Complaint in this matter. Therefore, discovery of Defendants' financial information is improper, unduly burdensome, and will cause Defendants to incur unnecessary expense in defending this action.

### III.   CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant a protective order for the Defendants, precluding the discovery of Defendants' financial information and profits. Further, Defendants request that this Court rule that Defendants are not required to answer Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things Interrogatory numbers 9 and 13, as well as Request for Productions number 9, 10 and

Saltair, Inc. v. I.S.T. Global, LLC, et al., Civil No. 10CV0157-J
Defendant's Brief in Support of Motion for Protective Order and Response to Plaintiff's Motion to Compel
Page 7

13.Finally, Defendants request that the Plaintiff is not awarded attorneys' fees for Plaintiffs' filing of the Motion to Compel.

DATED this 28th day of October, 2010.

      /s/*Jessica Rutzick*
Jessica Rutzick
Vincent & Rutzick, LLC
Post Office Box 4114
Jackson, WY 83001
(307) 733-8140
(307) 733-8139 (facsimile)
Bar No. 6-3126

Saltair, Inc. v. I.S.T. Global, LLC, et al., Civil No. 10CV0157-J
Defendant's Brief in Support of Motion for Protective Order and Response to Plaintiff's Motion to Compel
Page 8

## **CERTIFICATE OF SERVICE**

I, Jessica Rutzick, do hereby certify that on the 28th day of October, 2010, I served the within and foregoing Defendants' Brief in Support of Motion for Protective Order and Response to Plaintiffs' Motion to Compel on the attorneys for Plaintiffs by placing a full, true, and correct copy thereof in the United States Mail at Jackson, Wyoming, duly enveloped, with sufficient postage thereon, addressed to said attorney as follows:

Hadassah Reimer
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001

Joanna Vilos
Holland & Hart
P.O. Box 1347
Cheyenne, WY 82003-1347

Amy Cahill
Haley H.M. Dickerson
Stites & Harbison PLLC
400 West Market St. Ste 1800
Louisville, KY 40202-3357

/s/*Jessica Rutzick*
Jessica Rutzick

Saltair, Inc. v. I.S.T. Global, LLC, et al., Civil No. 10CV0157-J
Defendant's Brief in Support of Motion for Protective Order and Response to Plaintiff's Motion to Compel
Page 9