Hadassah Reimer
Wyoming Bar No. 6-3825
hmreimer@hollandhart.com
HOLLAND & HART LLP
25 South Willow St., Suite 200
P.O. Box 68
Jackson, WY 83001
Phone 307-734-4517; Fax 307-739-9744

Joanna Vilos
Wyoming Bar No. 6-4006
jvilos@hollandhart.com
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
Cheyenne, WY 82001
Phone 307-778-4200; FAX 307-778-8175

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **SALTAIR, INC.,** | |
| **PLAINTIFF,** | |
| **v.** | **CIVIL ACTION NO. 10CV0157-J** |
| **I.S.T. GLOBAL, LLC, ET AL.,** | |
| **DEFENDANTS.** | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant Ivgi has failed to cite, and indeed there is no authority holding, that discovery on damages must await a finding of liability in a trademark infringement case. This is for good reason. Especially where, as here, many of the facts underlying liability are uncontested, discovery on damages is essential to evaluation and resolution of the case.

Discovery on damages in this case is likely to involve confidential financial information. Protective orders are a recognized and effective means to prevent disclosure of any confidential information.  Therefore, in order to address any concerns regarding disclosure of confidential financial information, Plaintiff twice forwarded to Defendant a two-tiered stipulated protective order for review and comment.  Defendant failed to respond to the first proffer of a stipulated protective order, and upon receipt of the second communication indicated that he would not agree and would contest Plaintiff's efforts to access Defendant's financial information for purposes of proving damages.  *See* Plaintiff's Motion to Compel Discovery, Exh. B [D.E. 40].

Defendant broadly asserts that Plaintiff is not entitled to an award of profits in this case, leaping to the unsupported conclusion that discovery on damages is unnecessary.  This is inaccurate, and refuted even by the case Defendant offers in support, *Western Diversified Services, Inc. v. Hyundai Motor America, Inc.*, 427 F.3d 1269 (10th Cir. 2005).  Accurately stated, *Western Diversified* requires a showing that the defendant willfully infringed the plaintiff's mark in order to recover profits *in the absence of actual damages*.  *Id*. at 1273-74.  To begin with, Plaintiff will show that it suffered actual damage.  For example, Plaintiff suffered actual damage to its reputation and goodwill, which will be established through actual confusion evidence which shows that consumers believed that Defendant's establishment was associated with the authentic "Cool As A Moose" business and by showing that Defendant's products were of low quality and questionable taste.

However, even assuming willfulness may be required to recover profits, a finding of intentional infringement does *not*, as Defendant suggests, require an admission by a defendant

that he intended to infringe. *Western Diversified* allowed a presumption of intent where there had been a "deliberate adoption of a similar mark." *Id*. at 1275. The Court considered two factors to determine "deliberate adoption," namely (1) prior knowledge of the mark, and (2) the larger factual context of the case. *Id*. at 1275-77. With respect to prior knowledge, the Court determined that there was a "genuine factual dispute," and looking at the larger factual context of the case noted that the "marks were not only similar to [Plaintiff's], they were identical and referred to substantially similar products aimed at the same group of customers." *Id*. at 1276-77. Therefore, the Court in *Western Diversified* concluded:

> Considering the larger factual context of the case in conjunction with the factual dispute over [the Defendant's] knowledge, we are compelled to presume that [the Defendant's] deliberate adoption of two similar marks could lead to an inference that it intended to benefit from [the Plaintiff's] goodwill.

*Id*. As in *Western Diversified*, the larger factual context of the case and the fact that the marks are identical and refer to "substantially similar products aimed at the same group of customers" may permit an inference of bad faith here. Thus, Defendant's admission or lack thereof is simply not dispositive of the right to recover profits in this case, much less to the discoverability of factual information regarding Defendant's alleged ill-gotten profits.

Therefore, Plaintiff respectfully requests that this Court deny Defendant's motion for a protective order. Defendant's Motion is intended to delay action and deny Plaintiff the ability to prosecute its case, blocking any hope for efficient adjudication of this lawsuit. Discovery on damages is relevant and appropriate at this point in the litigation and Defendant's delay tactics should not be rewarded.

DATED:  November 12, 2010

Respectfully submitted,


/s/ Amy Cahill
Amy Sullivan Cahill
(admitted *pro hac vice*)
Kentucky Bar No. 85554
acahill@stites.com
STITES & HARBISON PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: 502-587-3400
Facsimile: 402-587-6392

Haley H.M. Dickerson
(admitted *pro hac vice*)
Kentucky Bar No. 91984
hdickerson@stites.com
STITES & HARBISON PLLC
250 West Main Street, Suite 2300
Lexington, KY 40507-1735
Telephone:  859-226-2300
Facsimile:  859-253-9144

4

Hadassah Reimer
Wyoming Bar No. 6-3825
hmreimer@hollandhart.com
HOLLAND & HART LLP
25 South Willow St., Suite 200
P.O. Box 68
Jackson, WY 83001
Telephone: 307-734-4517
Facsimile: 307-739-9744

Joanna Vilos
Wyoming Bar No. 6-4006
jvilos@hollandhart.com
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
Cheyenne, WY 82001
Telephone: 307-778-4200
Facsimile: 307-778-8175

**ATTORNEYS FOR PLAINTIFF,
SALTAIR, INC.**

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 12, 2010, a true and correct copy of the foregoing was filed using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jessica Rutzick
Wyoming Bar No. 6-3126
jrutzik@vincentandrutzick.com
Vincent & Rutzick, LLC
60 E. Simpson
P.O. Box 4114
Jackson, WY 83001
Telephone: 307-733-8140
Facsimile: 307-733-8139

                                     /s/ Joanna R. Vilos
                                     Joanna R. Vilos

4954933_1.DOC